**DYKEMA GOSSETT LLP**
ALLAN GABRIEL, SBN: 76477
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant:
WEST CENTRAL PRODUCE, INC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEST COAST VEGETABLE CO., INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEST CENTRAL PRODUCE, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:09-CV-03096<br><br>STIPULATION FOR PROTECTIVE ORDER |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSELORS OF RECORD, IF ANY:**

Plaintiff West Coast Vegetable, Inc. by and through its attorney, Parish & Small LCP, hereby enter into this Stipulation to for Protective Order with Defendant West Central Produce, Inc. ("WCP"), by and through its attorneys, Dykema Gossett LLP. Plaintiff and WCP may hereinafter be collectively referred to as the "Parties" or individually as the "Party".

WHEREAS the Parties stipulate and agree as follows:

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**1. PURPOSES AND LIMITATIONS**

1.1 Discovery in this action is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including but not limited to (1) proprietary procedures, manuals, and policies, (2) proprietary and confidential operations information, including agreements or specifications; (3) internal business or financial information; and (4) any other similar proprietary, confidential, or private information, including but not limited to trade secrets. As used herein, the term "trade secrets" shall have the meaning set forth in California Civil Code § 3426.1.

1.2 Good cause exists to protect each of the categories of documents identified above, as prejudice or harm to a Party or third party may result if no protective order is granted. In particular, business competitors of a Party could obtain an unfair advantage, the Party could be economically prejudiced and customers of a Party could be economically prejudiced if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order. The Parties seek to avoid undue economic harm to the Parties and third parties resulting from complying with their discovery. The purpose of this Stipulated Protective Order is to protect the legitimately designated confidential business and privacy protected information to be produced in this action from public disclosure.

1.3 Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**2. DEFINITIONS**

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under provisions of Paragraph 1.

2.4. "Highly Confidential -Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential–Attorney’s Eyes Only."

2.5. Protected Material: any Discovery Material that is designated as "Confidential" or as "Highly Confidential -Attorneys' Eyes Only" or that contains any Private Material.

2.6. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and (1) who is not a past or a current employee of an adverse Party or of a competitor of an adverse Party's (2) who, at the time of retention, is not anticipated to become an employee of an adverse Party or a competitor of an adverse Party's, (3) who has not provided any services to any Party or third party, and (4) is not a person or entity to whom disclosure of



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Protected Material would conflict with the need for any party to not disclose its protected material to a competitor or any person or entity that would obtain economic value from its use or disclosure. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.9. Private Material: any document or other Discovery Material that contains the names and addresses of any current or former employees of a Party.

**3. SCOPE**

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that actually reveal Protected Material.

**4. DURATION**

4.1 Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the original designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixes the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material or on the label for a CD or other electronic storage medium containing the same.

(b) for testimony given in deposition or in other pretrial or trial proceedings. that Designating Party, or if the Designating Party is not present the Party or non-party offering or sponsoring the testimony, identify on the record before the completion of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

to protection, and when it appears that substantial portions of' the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 5 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of. protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ¬ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 5 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the deposition reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation,



PDF created with pdfFactory trial version www.pdffactory.com

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or by e-mail) with counsel for the Designating Party followed by a written identification of what Protected Material is subject to a designation challenge and the reasons therefore. For any designation of "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," the Designating Party shall, within five (5) court days following receipt of said written statement, provide the Party challenging the designation with a written statement supporting its contention why disclosure to another Party or nonparty could not be avoided by less restrictive means including a designation as "CONFIDENTIAL." If such statement is not timely provided, the material will be automatically reclassified as "CONFIDENTIAL." In conferring regarding "CONFIDENTIAL" designations, the Designating Party must explain in writing, within ten (10) days following a request to justify a designation, the basis for its belief that the confidentiality designation was proper or whether it will reconsider the circumstances and change the .designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

6.3. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion, consistent with the requirements of Section 10 of this Protective Order, that identities the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of establishing the existence of confidentiality shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purposes or in connection with any other litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Designating



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) no greater than five (5) officers, directors, and employees of West Coast Vegetable Co., Inc. and no greater than ten (10) officers, directors, and employees of West Central Produce Inc to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) deposition reporters (court reporters employed by the Court are not subject to this Stipulated Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have been informed that the information is subject to a Protective Order and must remain confidential; and

(f) the author of the document, or the original source of the information or Private Material and who has previously been shown the document by Producing Party.

7.3. Disclosure of "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" Information or Items. As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) deposition reporters (court reporters employed by the Court are not subject to this Stipulated Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

7.4. Procedures for Disclosure of Protected Material to "Experts": Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated Protected Material first must provide the Designating Party with the CV of the proposed Expert. The Designating Party shall have seven (7) days to object to the Expert as not within the definition in Paragraph 2.10. If there is no such objection, the Party seeking disclosure to the Expert must confirm in writing to the Designating Party, (1) that the Expert has executed Exhibit "A", (2) that the Receiving Party of the Protected Material information has the Expert's executed Exhibit "A" in its possession prior to the release of any Protected Material information to the Expert; (3) and that the Expert has agreed not to disclose the Protected Material to anyone who has not agreed to be bound by Exhibit "A." This Paragraph 7.4 shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the parties or order of the Court.



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1 If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax or e-mail, if possible) as soon as practicable, and each party will use its best efforts to provide this notice within five court days after receiving the subpoena or order and at a minimum before compliance with the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must make reasonable efforts to inform in writing promptly the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;



PDF created with pdfFactory trial version www.pdffactory.com

(b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

10.1 A Receiving Party may not file in the public record in this action any Protected Material designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" without complying with F.R.C.P. Rule 5.2 regarding lodging or filing material under seal. Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party has previously challenged, in any manner. the designation of the Protected Material which is the subject of the motion to seal.

**11. FINAL DISPOSITION**

11.1 Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and upon demand, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1. Counsel agree to maintain a file of all Certifications (Exhibit A) required by this Agreement. The file containing the Certifications (Exhibit A) and the specific Certifications therein shall not be available for review by opposing counsel absent agreement of the parties or an order of the Court in this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

12.2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground.

12.4. This stipulated Protective Order shall become effective upon entry of this Order by the Court.

**IT IS SO STIPULATED.**

Dated: July 27, 2010

DYKEMA GOSSETT LLP

By: */s/ Allan Gabriel*
Allan Gabriel
Attorneys for Defendant
West Central Produce, Inc



PDF created with pdfFactory trial version www.pdffactory.com

Dated: July 27, 2010

JAMES M. MORRIS, ATTORNEY AT LAW

By: */s/ James M. Morris*
James M. Morris
Attorneys for Plaintiff
West Coast Vegetable Co., Inc

**ORDER**

IT IS SO ORDERED.

Dated: _July 29, 2010

/s/ John A. Mendez________________
U. S. DISTRICT COURT JUDGE

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071



PDF created with pdfFactory trial version www.pdffactory.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Eastern District of California -Sacramento Division, WEST COAST VEGETABLE CO., INC., a California corporation, Plaintiff, vs. WEST CENTRAL PRODUCE, INC., a California corporation, Defendants, Case No. 2:09-CV-03096-JAM-EFB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California (Sacramento Division) for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________ City and State where sworn and signed:

___________________________________ Printed name

PAS01\147921.1A
ID\AG - 099247/0009



PDF created with pdfFactory trial version www.pdffactory.com